Adrena Z. Baylor v. Commissioner.
Baylor v. Commissioner
Docket No. 112460.
United States Tax Court
1943 Tax Ct. Memo LEXIS 48; 2 T.C.M. (CCH) 1017; T.C.M. (RIA) 43490; November 16, 1943
*48 Adrena Z. Baylor, pro se. R. L. Greene, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent determined a deficiency in petitioner's income tax of $259.38 for the calendar year 1940. Five errors were assigned by the petition but one of these, the disallowance of certain investment expenses, is confessed by respondent who admits that items in a total of $430.20 of those expenses are allowable. Two other assignments, the disallowance of a deduction of the cost of reroofing a barn, determined by respondent to be a capital expenditure, and a deduction as a loss of $225 on account of abandonment of a business venture, have been withdrawn by petitioner. The two issues submitted are upon respondent's disallowance of a deduction of $1,200, claimed as a loss resulting from the abandonment in the taxable year of certain architect's plans, and his reduction of petitioner's claimed credit for dependency with respect to her mother. Findings of Fact Petitioner is a resident of Chicago, Illinois, her return for the calendar year 1940 being filed with the collector of internal revenue for the first district of Illinois. In 1928 the petitioner and *49 her husband purchased a lot in Miami Beach, Florida, with the plan and purpose of erecting a house thereon for rental or sale. In the same year the services of an architect were procured and plans for the house were drawn at a cost of $1,200, which was paid by petitioner's husband. The financial depression caused a delay in the carrying out of the building plans and in 1937 petitioner's husband died. The architect's plans in question were not included in the inventory of his estate for income tax purposes in any amount. In 1940 while petitioner was in Florida she secured a contractor to construct the building as planned. He advised her, however, that the plans were wholly unsuitable since the house if built thereunder would not have a salable value. Petitioner thereupon abandoned and discarded the plans. During the year 1940 petitioner's mother, a woman of nearly 80 years of age, owned a home in Gary, Indiana, which she occupied for approximately six months of that year. During that year she had income consisting of an annuity of $33 per month, dividends or interest on securities of $20 per month, and for six months of the year income in an unstated amount from rental of her home *50 obtained from tenants occupying it during her absence. In determining the deficiency respondent allowed petitioner as a credit for dependency of her mother only one-half of the full amount of the credit for 12 months. This action was based on the ground that petitioner's mother was only dependent upon her for six months in that year. Opinion Petitioner's claim for deduction of $1,200 as the cost of architectural plans discarded and abandoned is clearly not allowable. The plans in question are shown to have been purchased by, and the property of, petitioner's husband, acquired long prior to his death and not used. They were not included in the inventory of his estate at any value. If they were now the property of petitioner, which fact is not established, she would have no cost basis in respect thereto on which to support a loss in any amount. With respect to the second issue, the proof not only fails to substantiate petitioner's claim for the support of her mother during the entire 12 months of the year 1940 but clearly sustains respondent's action in allowing credit for only six months of that year. Respondent's action with respect to both of these items in issue is approved. *51 Decision will be entered under Rule 50.